32 Cal.App.4th 304 (1995)
38 Cal. Rptr.2d 113
THE PEOPLE, Plaintiff and Respondent,
v.
JOSE J. CAMPOS, Defendant and Appellant.
Docket No. B080474.
Court of Appeals of California, Second District, Division Six.
February 14, 1995.
*306 COUNSEL
Kent Baker, under appointment by the Court of Appeal, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kenneth C. Byrne and Lisa J. Brault, Deputy Attorneys General, for Plaintiff and Respondent
OPINION
YEGAN, J.
Jose J. Campos appeals from a jury's determination that he is a mentally disordered offender (MDO). (Pen. Code, § 2960 et seq.) He contends the trial court erred: (1) in allowing the sole expert witness, Audrey Mertz, M.D., to relate that nontestifying experts who evaluated appellant concurred in her opinion that appellant met the MDO criteria; and (2) by admitting into evidence reports prepared by the nontestifying experts and the underlying probation report. He also contends that there was insufficient evidence to prove that the person in charge of his treatment evaluated him prior to his parole date. (Pen. Code, § 2962, subd. (d)(1).)
We conclude the evidence is sufficient to show that appellant was properly evaluated prior to his parole date. However, the trial court erred in *307 permitting Doctor Mertz to testify to the content of opinions formed by nontestifying experts, and in admitting their reports and the probation report into evidence. Because these errors were harmless, we affirm.
In February 1991, appellant committed a robbery using a firearm. Two months later, he surrendered and explained that voices told him to commit the robbery. He was sentenced to state prison and thereafter released on parole. He violated parole and was returned to prison in August 1992. On August 3, 1993, after he received psychiatric treatment from the Department of Corrections, the Board of Prison Terms certified him as an MDO. He filed a timely petition pursuant to Penal Code section 2966, subdivision (b) for a jury trial to review the certification.
Doctor Audrey Mertz, a psychiatrist with the Department of Mental Health, was the only witness called by the People to testify concerning appellant's mental condition. Doctor Mertz was in charge of appellant's treatment from the time he arrived at Atascadero State Hospital in June 1993, until a few weeks before his September 1993 trial. She opined that appellant met each of the MDO criteria as of the date of the Board of Prison Terms' determination. This opinion was based on Doctor Mertz's personal observation and treatment of appellant, the notes of other members of the state hospital treatment team, appellant's arrest record, the probation report prepared from his commitment offense, and the reports prepared by the Department of Corrections and Department of Mental Health professionals who evaluated appellant prior to his MDO certification. Doctor Mertz testified that these reports were consistent with her diagnosis of appellant and her opinion that he met the MDO criteria.
Doctor Mertz diagnosed appellant's illness as "organic mental disorder," and opined that the illness was probably caused by severe head injuries received during a motorcycle accident, and prolonged drug and alcohol abuse. She testified that appellant's illness was not in remission because, among other things, he experienced command hallucinations, sudden mood swings and depression, exhibited poor judgment and had difficulty following rules.
(1a) Appellant contends that the trial court erred when it allowed Doctor Mertz to testify that she relied on other medical evaluations and that the evaluations confirmed her opinion that appellant met the MDO criteria. He argues that the conclusions of these nontestifying experts were inadmissible hearsay.
(2) Psychiatrists, like other expert witnesses, are entitled to rely upon reliable hearsay, including the statements of the patient and other treating *308 professionals, in forming their opinion concerning a patient's mental state. (Evid. Code, § 801, subd. (b); People v. Young (1987) 189 Cal. App.3d 891, 913 [234 Cal. Rptr. 819]; Conservatorship of Torres (1986) 180 Cal. App.3d 1159, 1163 [226 Cal. Rptr. 142]; Korsak v. Atlas Hotels, Inc. (1992) 2 Cal. App.4th 1516, 1524-1525 [3 Cal. Rptr.2d 833]; see also People v. Miller (1994) 25 Cal. App.4th 913, 917-919 [31 Cal. Rptr.2d 423].) On direct examination, the expert witness may state the reasons for his or her opinion, and testify that reports prepared by other experts were a basis for that opinion. (People v. Coleman (1985) 38 Cal.3d 69, 92 [211 Cal. Rptr. 102, 695 P.2d 189].)
An expert witness may not, on direct examination, reveal the content of reports prepared or opinions expressed by nontestifying experts. "`"The reason for this is obvious. The opportunity of cross-examining the other doctors as to the basis for their opinion, etc., is denied the party as to whom the testimony is adverse."'" (Whitfield v. Roth (1974) 10 Cal.3d 874, 894 [112 Cal. Rptr. 540, 519 P.2d 588] [quoting Lynch Meats of Oakland, Inc. v. City of Oakland (1961) 196 Cal. App.2d 104, 112 (16 Cal. Rptr. 302)]; see also People v. Reyes (1974) 12 Cal.3d 486, 503 [116 Cal. Rptr. 217, 526 P.2d 225].)
This rule does not preclude the cross-examination of an expert witness on the content of such reports. As the court noted in Mosesian v. Pennwalt Corp. (1987) 191 Cal. App.3d 851, 864 [236 Cal. Rptr. 778], "[p]rocedurally, if an expert does rely in part upon the opinions of others, the expert may be cross-examined as to the content of those opinions. It is improper, however, to solicit the information on direct examination if the statements are inadmissible. [Citations.]"
(1b) Here, the reports of the nontestifying experts were hearsay. Doctor Mertz was properly allowed to testify that she relied upon the reports in forming her own opinions. The trial court erred, however, when it allowed her to reveal their content on direct examination by testifying that each prior medical evaluation agreed with her own opinion. "[D]octors can testify as to the basis for their opinion (see Witkin, Cal. Evidence (2d ed. 1966) § 410, pp. 368-369), but this is not intended to be a channel by which testifying doctors can place the opinion of innumerable out-of-court doctors before the jury." (Whitfield v. Roth, supra, 10 Cal.3d at p. 895; see also People v. Young, supra, 189 Cal. App.3d at p. 913 ["[t]he rule which allows an expert to state the reasons upon which his opinion is based may not be used as a vehicle to bring before the jury incompetent evidence."].)
However, Doctor Mertz's conclusional references to these prior medical evaluations were not prejudicial. These references consumed only a small *309 portion of her lengthy testimony. The remainder of that uncontradicted expert testimony easily supports the jury's determination that appellant met the MDO criteria. There was no miscarriage of justice. It is not reasonably probable that a result more favorable to appellant would have been reached in the absence of this evidence. (Cal. Const., art. VI, § 13; People v. Cahill (1993) 5 Cal.4th 478, 492 [20 Cal. Rptr.2d 582, 853 P.2d 1037]; People v. Watson (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; People v. Bell (1994) 30 Cal. App.4th 1705, 1711 [36 Cal. Rptr.2d 746].)
(3) Appellant next contends that the trial court erred in admitting the nontestifying experts' reports[1] and appellant's probation report into evidence. We agree. The documents are hearsay and the business records and official records exceptions to the hearsay rule do not apply. (Evid. Code, §§ 1271, 1280.)
To qualify as a business or official record, a document must be created by an employee of the business or the public entity, "at or near the time of the act, condition or event" referred to in the document, and "[t]he sources of information and method and time of preparation [must be] such as to indicate its trustworthiness." (Evid. Code, §§ 1271, subd. (b), 1280, subd. (c); People v. Young, supra, 189 Cal. App.3d 891, 911-912.)
In People v. Reyes, supra, 12 Cal.3d 486, the Supreme Court held that a psychiatric evaluation did not qualify as a business record because "[t]he psychiatrist's opinion that the [patient] suffered from a sexual psychopathology was merely an opinion, not an act, condition or event within the meaning of [Evid. Code, § 1271]. `"... In order for a record to be competent evidence under that section it must be a record of an act, condition or event; a conclusion is neither an act, condition or event.... Whether the conclusion is based upon observation of an act, condition or event or upon sound reason or whether the person forming it is qualified to form it and testify to it can only be established by the examination of that party under oath...."'" (Id., at p. 503, quoting People v. Williams (1960) 187 Cal. App.2d 355, 365 [9 Cal. Rptr. 722]; see also People v. Young, supra, 189 Cal. App.3d 891, 912; Hutton v. Brookside Hospital (1963) 213 Cal. App.2d 350, 355 [28 Cal. Rptr. 774].)
*310 For the same reasons, the probation report does not qualify as a business or official record. The People rely upon our recent opinion in People v. Miller, supra, 25 Cal. App.4th 913, 918, and argue that the probation report was admissible. Miller holds that a probation report, while hearsay, is sufficiently reliable to allow an expert to rely upon it in rendering an opinion in an MDO trial. (Ibid.) Miller does not hold that the report itself is admissible. In fact, it is not admissible for the reasons stated above. However, no miscarriage of justice was occasioned by the admission of the probation report into evidence. (See discussion, ante, p. 309.)
Appellant's remaining contention, that the People failed to prove he was evaluated by "the person in charge of his treatment" (Pen. Code, § 2962, subd. (d)(1)) before being paroled, is without merit. Doctor Mertz testified that appellant met each of the MDO criteria. This necessarily includes some evidence that appellant was evaluated "by the person in charge" prior to the MDO certification. The jury credited this testimony and we do not reweigh it. (People v. Miller, supra, 25 Cal. App.3d 913, 919-920; People v. Pace (1994) 27 Cal. App.4th 795, 797-798 [33 Cal. Rptr.2d 352].)
The order under review is affirmed.
Stone (S.J.), P.J., and Gilbert, J., concurred.
A petition for a rehearing was denied March 10, 1995.
NOTES
[1] We note that Penal Code section 2966, subdivision (b) has been amended to provide for the admissibility of this type of information, in declaration form, upon stipulation: "The court may, upon stipulation of both parties, receive in evidence the affidavit or declaration of any psychiatrist, psychologist, or other professional person who was involved in the certification and hearing process, or any professional person involved in the evaluation or treatment of the petitioner during the certification process. The court may allow the affidavit or declaration to be read and the contents thereof considered in the rendering of a decision or verdict in any proceeding held pursuant to subdivision (b) or (c), or subdivision (a) of Section 2972." (Stats. 1994, ch. 706, § 1.)