Filed 4/16/13  P. v. Shulte CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY CHRISTOPHER SHULTE,<br><br>        Defendant and Appellant. | A136105<br><br>(Sonoma County<br>Super. Ct. No. SCR23531) |

Timothy Christopher Shulte appeals from a judgment of the Sonoma County Superior Court, in a case tried to the court, extending his commitment as a mentally disordered offender (MDO) pursuant to Penal Code section 2972.[1]  The commitment expires on August 10, 2013.  Appellant's court-appointed counsel has filed a brief raising no legal issues and asking this court to conduct an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  The court has also received and considered a two-page handwritten supplemental brief submitted by appellant in propria persona, which was filed with this court on December 31, 2012.

As appellant's counsel acknowledges, *In re Ben C.* (2007) 40 Cal.4th 529, held that the judicial review procedures established in *Anders v. California* (1967) 386 U.S. 738 and *People v. Wende, supra*, 25 Cal.3d 436, are inapplicable to conservatorship proceedings arising under the Lanterman-Petris-Short Act (LPS Act) (Welf. & Inst. Code, § 4500 et seq.), and *People v. Taylor* (2008) 160 Cal.App.4th 304, which relied on *Ben*

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

1

*C.*, held that the *Anders/Wende* review requirements are also inapplicable to appeals from civil commitments pursuant to the Mentally Disordered Offender Act (MDOA).

Nevertheless, pointing to the statement in *Ben C.* that a reviewing court "may, of course, find it appropriate to retain the appeal" in an LPS Act case (*In re Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 7), and that nothing in *People v. Taylor*, *supra*, 160 Cal.App.4th 304 prohibits a reviewing court from according independent *Wende* review in an appeal from a commitment under the MDOA if it wishes to do so, counsel requests that we exercise our discretion to independently review the record to determine whether it presents any issue that, if resolved favorably to appellant, would result in reversal or modification of the judgment.

This division, having concluded that we have authority to voluntarily accord *Wende* review in this case, and desiring to do so, grant appellant's request.

### FACTS AND PROCEEDINGS BELOW

The facts are provided primarily by the 10-page January 7, 2012 Dispositional Court Report of Forensic Evaluator Ai-Li Arias, M.D., for the Department of Mental Health (DMH), which was filed with the Sonoma County Superior Court on October 8, 2012, by Medical Director George Christison, of Patton State Hospital, as an exhibit to his January 25, 2012 affidavit recommending that the Sonoma County District Attorney apply to the court for an extension of appellant's commitment. As it is a confidential document, Dr. Arias's Dispositional Court Report was sealed.

Appellant, a 48-year-old deaf man, was charged by the Sonoma County District Attorney with lewd and lascivious conduct with a child under the age of 14 (§ 288, subd. (a)) in 1995. After he was found incompetent to stand trial, he was committed to DMH, and initially admitted to Atascadero State Hospital, pursuant to the MDOA (§ 2962). On May 10, 1996, appellant was discharged from Atascadero State Hospital as having been restored to competence to stand trial, and thereafter tried and convicted of the aforesaid offense and sentenced to eight years in prison. During his term of imprisonment he was transferred multiple times between the California Department of Corrections and

2

Rehabilitation (CDCR), where he was treated as a mentally ill prisoner, and DMH, which placed him at Atascadero State Hospital for "psychiatric stabilization and management."

Appellant's original discharge date was August 10, 2006, but his commitment has been continuously extended pursuant to section 2970. On August 10, 2003, appellant was found to meet criteria for treatment by DMH as a condition of his parole, certified as an MDO, and admitted to Atascadero State Hospital. On January 8, 2004, he was administratively transferred to Patton State Hospital.

Appellant's 1995 conviction for violation of section 288, subdivision (a), involved inappropriate touching of his niece's genitalia, and the placing of her hand on his erect penis, which she was unable stop as appellant is deaf and she does not know sign language. Appellant had suffered prior convictions and arrests for indecent exposure, child molestation, and solicitation of a lewd act.

Dr. Arias's 10-page Dispositional Court Report, which was "administratively reviewed" and approved by Dr. Christison, the medical director of Patton State Hospital, recommends that the district attorney petition to civilly commit appellant pursuant to section 2972 on the ground that satisfies the criteria for such a commitment. That is, appellant "has a severe mental disorder as defined in Penal Code section 2962(a)," he is "not in remission as evidenced by signs and symptoms of a severe mental disorder not controlled by either psychotropic medication or psychosocial support," and he "represents a substantial danger of physical harm to others . . . by reason of his severe mental disorder." (See § 2962, subds. (a)(1), (3) & (d).) The bases of these determinations are set forth at length by Dr. Arias in her confidential report to the court.

The petition for continued involuntary treatment pursuant to section 2970 was filed by the district attorney on February 9, 2012, and the hearing on the petition was conducted without a jury by the Honorable Kenneth J. Gnoss on July 9, 2012. Dr. Arias was the only witness.[2] Appellant participated in the proceeding with the assistance of a

---

[2] At the close of Dr. Arias's testimony, appellant stated for the record that he had been advised of his right to testify on his own behalf and waived the right.

team of American Sign Language interpreters, who also assisted appellant in communicating with his attorneys in preparation for trial.

Before the taking of Dr. Arias's testimony, appellant's counsel filed a document embodying 10 in limine motions, all of which pertained to the nature of the expert testimony to be received by the court, most of which were designed to preclude the receipt of expert testimony based on hearsay. After hearing the arguments of counsel, some of the motions were granted, some with modifications,[3] others were denied, and some were taken under submission to be decided during the course of the proceedings.

The bulk of the hearing was taken up with the direct and cross-examination of Dr. Arias. When it was completed, and counsel had made their closing arguments, the court granted the petition, finding appellant is an MDO within the meaning of the MDOA. The court explained its ruling as follows:

"Based on the testimony of Dr. Arias, the court does find that [appellant] does have a severe mental . . . illness or disease or condition that substantially impairs [his] thoughts, perceptions of reality, emotional process, or judgment.

"Given his confusion with God and Lucifer, it indicates to the court that he lacks the necessary insight in[to] his own mental disease or disorder. This is also based on his continued auditory and visual hallucinations.

"The court also has concerns regarding his refusal to participate in the individual sexual offender treatment counseling. I do understand that it is somewhat limited by the fact of his hearing issues; however, it appears that they're willing to work with him on an individual basis to allow him to participate in some form of one-on-one treatment. This is given his prior criminal record and the commitment offenses of two counts of Penal Code section 288(a), which the court had taken judicial notice that he had suffered those

---

[3] For example, the court sustained appellant's objections to any probation report, bail report, or police report being received in evidence, in written form or hearsay testimony, on the grounds it was hearsay. (See *People v. Campos* (1995) 32 Cal.App.4th 304.)

4

two prior convictions for lewd and lascivious conduct with a child under the age of 14 and that he received a state prison sentence of eight years.

"The court also has a concern in that [appellant's] failure to take responsibility for the commitment offense and the fact he blames Lucifer for the fault that he molested his niece. The court also has a concern that if released, he will fail to continue his medication. This is based on the statement to the interviewer that he said God says he doesn't have to take his medications. The court also has a concern about his intentions to consume alcohol when released.

"The court's biggest concern is that he has not followed his in-custody treatment plan and has no out-of-custody treatment plan in place, which would likely result in relapse if released back in the community.

"Based on the testimony and evidence presented here in court, the court also finds that his severe mental disorder is not in remission. And because of the severe mental disorder, he continues to represent a substantial danger of physical harm to others." Based on these findings, which the court explicitly made "beyond a reasonable doubt," the court extended appellant's commitment to August 10, 2013.

## DISCUSSION

Appellant was at all times represented by able counsel who protected his rights and interests.

In order to prepare for trial with his attorneys and to participate in the trial, appellant was provided able interpreters who also insured that appellant's waiver of the right to testify was voluntary and informed.

Having reviewed the motions considered by the court in limine and the transcript of the proceedings, we conclude that no inadmissible evidence was received by the court and no admissible evidence excluded.

The judgment is supported by substantial evidence.

The commitment ordered by the court is authorized by law.

Accordingly, our independent review discloses no arguable issue requiring further briefing. The judgment is affirmed.

5

_____

Kline, P.J.

We concur:

_____

Lambden, J.

_____

Richman, J.