Filed 12/8/20  Yeager v. Lesser CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| CHARLES E. YEAGER et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> DON A. LESSER, <br><br> Defendant and Respondent. | C085065 <br><br> (Super. Ct. No. 34-2011-00109638-CU-PN-GDS) |
| DON A. LESSER, <br><br> Cross-complainant and Respondent, <br><br> v. <br><br> CHARLES E. YEAGER et al., <br><br> Cross-defendants and Appellants. | C085598 <br><br> (Super. Ct. No. 34-2011-00109638-CU-PN-GDS) |

1

In these consolidated appeals, General Charles E. Yeager and Victoria Yeager[1] challenge the trial court's dismissal of their complaint for legal malpractice against their former attorney, Don A. Lesser, as well as the jury's verdict in favor of Lesser in his cross-complaint for unpaid legal fees.

On appeal, the Yeagers contend (1) the trial court erred in dismissing their case under Code of Civil Procedure section 583.310[2] for failure to bring their case to trial within five years, (2) the five-year period under section 583.310 should have been tolled during the time Charles was incapacitated, (3) the trial court erred in refusing the Yeagers' request "to discover 'collectability' evidence," (4) Lesser should not have been allowed to testify as a previously undisclosed expert witness, and (5) the trial court "prevent[ed] [the Yeagers] from fully contesting the reasonable value of the services claimed by Lesser."

We conclude the Yeagers forfeited their claim that the trial court misapplied section 583.310 for failure to cite legal authority in support of their argument. The Yeagers did not preserve the issue of impossibility or impracticability for lack of sufficient foundation in the trial court. "Collectability evidence" is not a term of art and the Yeagers do not identify the specific evidence to which they believe the term refers. For lack of specificity in their opening brief about what evidence they sought to discover, we deem the argument noncognizable. We further conclude the Yeagers cannot establish prejudice regarding defective disclosure of Lesser as an expert witness because the record shows the Yeagers received actual notice of that disclosure. Finally, we deem forfeited the Yeagers' claim regarding the exclusion of their evidence during the trial on the cross-complaint for lack of legal authority in support of their argument.

---

[1]     Due to shared surname and for the sake of clarity, we refer to the Yeagers individually by their first names.

[2]     Undesignated statutory citations are to the Code of Civil Procedure.

2

Accordingly, we affirm.

FACTUAL AND PROCEDURAL HISTORY

### *The Yeagers' Complaint*

In August 2011, the Yeagers filed a complaint in propria persona for legal malpractice against Lesser. The Yeagers concurrently filed a motion to compel arbitration. However, they did not take any action toward arbitration, such as making any filings with the American Arbitration Association. Lesser eventually moved to lift the stay due to the Yeagers' failure to pursue the arbitration. The trial court lifted the stay in July 2012. In September 2012, the Yeagers propounded one special interrogatory and one document request. During the next three years, the Yeagers conducted no further discovery in this case.

Taking into account the six-month time period during which the action was stayed pending arbitration, the five-year deadline was set to expire on February 22, 2017. Seven months before the expiration of the five-year deadline imposed by section 583.310, the Yeagers for the first time requested a trial date for a trial they estimated to take three to four weeks. The trial court ordered the parties to meet and confer on a trial date. During the meet and confer efforts, the Yeagers provided only a single day they asserted they were available to begin a nearly month-long trial. Lesser and his attorney were not available on that particular date and proposed alternate dates. The parties could not agree on a trial date before the expiration of the five-year deadline. Ultimately, they agreed to set trial for June 13, 2017. In so agreeing, Lesser refused to waive the application of the deadline imposed by section 583.310.

In March 2017, Lesser moved to dismiss the Yeagers' complaint for failure to bring the case to trial within five years. The trial court granted the motion to dismiss. In granting the motion, the trial court found Lesser had not waived the five-year deadline by proposing a trial date after the expiration of the deadline, the Yeagers' amendment of the complaint had not included new causes of action that would restart the five-year deadline

3

of section 583.310, and dismissal was mandatory despite the Yeagers' claim that Lesser would not be prejudiced by an extension of the deadline. The Yeagers moved for reconsideration. The trial court denied the motion.

From the judgment of dismissal, the Yeagers timely filed a notice of appeal.

### *Lesser's Cross-complaint*

In August 2012, Lesser filed a cross-complaint for $145,976 in unpaid attorney fees. Lesser's trial attorney engaged in discovery. The matter proceeded to a jury trial in June 2017 over the strenuous objections of the Yeagers.

During trial, Lesser testified at length regarding details of the legal work he had performed for the Yeagers. Lesser also called an expert witness to testify regarding the reasonableness of his billing rates. Victoria testified on behalf of the Yeagers. Trial culminated with a special verdict in which the jury awarded $140,744.83 to Lesser for legal fees owed by the Yeagers. With interest, the trial court entered judgment in favor of Lesser for $233,635.87.

The Yeagers timely filed a notice of appeal from the judgment.

### DISCUSSION

### I

### *Dismissal Under Section 583.310*

The Yeagers argue the trial court erred in dismissing their case under section 583.310 because the trial court agreed to set a date for trial before the five-year deadline. We deem the argument to be forfeited.

The Yeagers offer no legal authority or legal analysis in support of this argument. Although the Yeagers cite authority in setting forth the standard of review, the standard of review informs only the degree of deference, if any, that we accord to the trial court's decision. (*San Francisco Fire Fighters Local 798 v. City and County of San Francisco* (2006) 38 Cal.4th 653, 667.) Thus, the standard of review itself does not establish that the trial court erred. (See *id.* at pp. 667-671 [separately analyzing the applicable standard

4

of review and assertion of legal error].)  Thus, the Yeagers' citation of authority relating only to the standard of review does not constitute authority in support of their argument.

Although the Yeagers assert the five-year deadline imposed by section 583.310 was erroneously applied by the trial court, they offer no analysis of the statute or any legal authority in support of their claim the trial court erred in dismissing after ordering the parties "to set the trial to begin prior to the expiration of the five year statute." However, "[t]o demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error.  (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239, fn. 16; *In re Marriage of Nichols* (1994) 27 Cal.App.4th 661, 672-673, fn. 3.)  When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.'  (*Atchley v. City of Fresno* [(1984)] 151 Cal.App.3d [635,] 647; accord, *Berger v. Godden* [(1985)] 163 Cal.App.3d [1113,] 1117 ['failure of appellant to advance any pertinent or intelligible legal argument . . . constitute[s] an abandonment of the [claim of error]'].)"  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)  Accordingly, their claim of error is forfeited.

## II

### *Tolling Due to Incapacity*

The Yeagers next argue the five-year deadline imposed by section 583.310 was tolled during a period in which Charles was incapacitated.  We are not persuaded.

### A.

### *The Yeagers' Assertion of Incapacity in the Trial Court*

Taking into account the six-month stay during the unpursued arbitration, the five-year deadline imposed by section 583.310 expired in February 2017.  Approximately three months before the five-year deadline, the Yeagers for the first time asserted the time limitation should be tolled due to Charles's incapacity.  The Yeagers did not attempt to show diligence throughout the proceedings.  Instead, the motion's earliest reference to the

5

Yeagers' efforts to bring the matter to trial related to the trial court order to meet and confer issued in August 2016 – almost exactly five years after the filing of the Yeagers' complaint. Lesser opposed the motion. The trial court rejected the assertion of impossibility or impracticability in bringing the matter to trial.

The trial court noted that the motion, filed by Victoria, did not specify Charles's "unexpected, serious medical issues" because of "confidentiality reasons." The medical condition assertedly required Victoria to remain by his side while he received out-of-state medical care. The trial court rejected the assertion of impossibility or impracticability because the exception to the five-year deadline requires a showing that plaintiffs exercised reasonable diligence during all stages of the proceeding.

The trial court found Victoria "has not made any attempt to show she and General Yeager exercised reasonable diligence at all stages of the proceedings. Rather, . . . it appears [the Yeagers] have been less than diligent in prosecuting their case and bringing it to trial within the five-year deadline. . . . [A]fter [the Yeagers] successfully moved to compel arbitration, they failed to take any action to proceed to arbitration. Then, after the stay was lifted, [the Yeagers] only propounded a single special interrogatory and a single document request before waiting three years to propound any further written discovery. [The Yeagers] have not taken any depositions. [The Yeagers] also waited until July 2016, seven months before the expiration of the five-year deadline (February 22, 2017), to request the Court to set a trial date for a trial they estimate will take three to four weeks."

### B.

### *Review of Claims of Impossibility or Impracticability in Bringing a Case to Trial*

We review the trial court's rejection of Charles's incapacity as a ground for tolling the five-year deadline for abuse of discretion. "The question of impossibility, impracticability, or futility is best resolved by the trial court, which 'is in the most

6

advantageous position to evaluate these diverse factual matters in the first instance.' (*Brunzell Constr. Co. v. Wagner* [(1970)] 2 Cal.3d [545,] 555.) The plaintiff bears the burden of proving that the circumstances warrant application of the section 583.340 [subdivision] (c) exception. (*Perez v. Grajales* (2009) 169 Cal.App.4th 580, 590.) ' "The 'reasonable diligence' standard is an appropriate guideline for evaluating whether it was impossible, impracticable, or futile for the plaintiff to comply with [the statutory five-year constraint] due to causes beyond his or her control." ' (*Wilshire Bundy Corp. v. Auerbach* (1991) 228 Cal.App.3d 1280, 1287-1288.) The trial court has discretion to determine whether that exception applies, and its decision will be upheld unless the plaintiff has proved that the trial court abused its discretion. (*Perez*, at pp. 590-591; see also *Lauriton v. Carnation Co.* (1989) 215 Cal.App.3d 161, 164.)" (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731, italics omitted (*Bruns*).)

Section 583.340, subdivision (c), provides for tolling of the five-year deadline to bring a case to trial. That subdivision states: "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] . . . [¶] . . . (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." Although a showing of reasonable diligence throughout the proceedings is a prerequisite, it is – by itself – not enough to establish tolling. "A plaintiff's reasonable diligence alone does not preclude involuntary dismissal; it is simply one factor for assessing the existing exceptions of impossibility, impracticability, or futility. (*Baccus v. Superior Court* (1989) 207 Cal.App.3d 1526, 1532-1533.) . . . Determining whether the subdivision (c) exception applies requires a fact-sensitive inquiry and depends 'on the obstacles faced by the plaintiff in prosecuting the action and the plaintiff's exercise of reasonable diligence in overcoming those obstacles.' (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 438.)" (*Bruns, supra*, 51 Cal.4th at p. 731.)

7

### *The Yeagers Did Not Meet Their Burden*

The trial court correctly determined the Yeagers had not met their burden to demonstrate reasonable diligence warranting the finding of impossibility or impracticability in bringing the matter to trial.  The Yeagers' motion made no attempt to show diligence during the first five years this action was pending.  The trial court, however, recounted the Yeagers' neglect of the action by noting a total failure to pursue the arbitration and their propounding of only a single interrogatory and a single document request during half a decade of litigation.  This inattention to their action warranted the denial of the Yeagers' last minute motion to toll the five-year period due to unspecified medical issues experienced by Charles.

The Yeagers attempt to make a showing of reasonable diligence for the first time on appeal by cataloging their efforts in collateral litigation, efforts to "discover 'collectability' evidence in the underlying action by subpoenaing the financial records of third parties," and efforts to depose Lesser.  The reasonable diligence showing, however, is a factual issue that is best resolved in the first instance by the trial court.  (*Bruns, supra,* 51 Cal.4th at p. 731; *Brunzell Constr. Co. v. Wagner*, *supra*, 2 Cal.3d at p. 555.)  The Yeagers did not attempt to make the factual showing of reasonable diligence in the trial court.

We conclude the trial court did not abuse its discretion in rejecting the Yeagers' motion to toll the five-year deadline to bring their case to trial.

### III

### *"Collectability" Evidence*

The Yeagers next argue the trial court erred in refusing to allow them "to discover 'collectability' evidence."  The Yeagers' use of quotation marks to describe collectability evidence is significant – "collectability evidence" has no established legal meaning.  A search of reported California case law has not revealed a single instance in which a court

has used the term. Even so, the Yeagers neither define the term nor do they identify exactly the type of evidence to which their argument refers.

In their opening brief, the Yeagers assert they needed to discover evidence regarding the *element* of collectability in their cause of action for malpractice against Lesser. However, the Yeagers do not identify exactly what evidence they sought to discover to prove this element except to note that it involved "financial information and evidence about what the full value of recovery would have been" in the case they claimed Lesser mishandled.

The Yeagers note that their efforts to discover "collectability" evidence drew the imposition of sanctions and a protective order by the trial court. However, they do not identify the scope of evidence subject to the trial court's protective order – referring to the evidence as "that information." Thus, even if collectability evidence were a term of art, the Yeagers have not demonstrated how specific evidence they sought was erroneously excluded from discovery by the trial court. Consequently, we reject their argument.

## IV

### *Lesser as an Undisclosed Expert Witness*

The Yeagers next argue that Lesser should not have been allowed to testify on his own behalf in his cross-action because he was a previously undisclosed expert. We reject the argument.

### A.

### *The Yeagers' in Limine Motion*

Before trial on Lesser's cross-action for unpaid legal fees, the Yeagers moved to exclude Lesser's testimony on grounds that he had not previously been disclosed as an expert witness. The Yeagers argued Lesser's personal signature was missing from the witness disclosure list in violation of the technical requirements of section 2034.260. An extended colloquy between the trial court and the parties ensued. During the colloquy,

9

Lesser's trial attorney pointed out that he had served the expert witness disclosure list – listing Lesser as a witness – on two physical addresses maintained by the Yeagers. In arguing for defective service during the hearing on her in limine motion, Victoria asserted that due to their rural location, they did not receive the witness disclosure list.

Lesser's trial attorney pointed out an e-mail from Victoria in which she indicated she knew Lesser would testify as an expert witness. The record shows that on May 1, 2017, Lesser sent an e-mail to Victoria stating in pertinent part: "[I]n an effort to meet and confer we propose the following: [¶] 1. I will appear for a second deposition this Friday, May 5, as you proposed earlier. The deposition will include any questioning you may have *in my capacity as a disclosed expert*. I'm not available on the 11th or 12th." (Italics added.) The next day, Victoria responded to Lesser's e-mail in which she stated she was no longer available on Friday, May 5, 2017, and threatening sanctions and an order to compel if Lesser did not appear for deposition on May 11, 2017.

The trial court denied the Yeagers' in limine motion, explaining that if Lesser's trial attorney "served a disclosure of experts on behalf of . . . Lesser as his attorney and he mailed it to the PO Box address that [the Yeagers] have as the point of contact officially in the court file and on the pleadings, he's entitled to rely on that as a valid means of service." The trial court continued, "That's valid service. [¶] And when you don't object, [Lesser's attorney] . . . is entitled to rely on the fact that he validly served this and disclosed these people as experts." The trial court also concluded, "I'm familiar with the code. And I think that in this case this is an adequate disclosure. It complies with the requirements of the law, and it certainly complies with what's going to take place in this trial."

## B.

### *Actual Notice*

Parties are required to disclose their expert witnesses before trial. "The statutes governing expert witness discovery are part of the Civil Discovery Act (§ 2016.010 et

seq.). The purposes of the discovery statutes are 'to assist the parties and the trier of fact in ascertaining the truth; to encourage settlement by educating the parties as to the strengths of their claims and defenses; to expedite and facilitate preparation and trial; to prevent delay; and to safeguard against surprise.' " (*Boston v. Penny Lane Centers, Inc.* (2009) 170 Cal.App.4th 936, 950, quoting *Beverly Hospital v. Superior Court* (1993) 19 Cal.App.4th 1289, 1294.) To this end, section 2034.260, former subdivision (a), operative at the time, provided: "All parties who have appeared in the action shall exchange information concerning expert witnesses in writing on or before the date of exchange specified in the demand. The exchange of information may occur at a meeting of the attorneys for the parties involved or by a mailing on or before the date of exchange." (§ 2034.260, former subd. (a), added by Stats. 2004, ch. 182, § 23, p. 895.)

We review a trial court's decision to allow expert witness testimony over objection on the basis of the discovery statutes for abuse of discretion. (*Staub v. Kiley* (2014) 226 Cal.App.4th 1437, 1447.) However, even if a party establishes the trial court erred, we may not reverse in the absence of prejudice. Appellants cannot secure a reversal without showing it was reasonably probable that a result more favorable to them would have been reached in the absence of this evidence. (Cal. Const., art. VI, § 13; *People v. Watson* (1956) 46 Cal.2d 818, 836; *People v. Campos* (1995) 32 Cal.App.4th 304, 309.)

Here, the Yeagers make no attempt to show how any defect in service of the expert witness disclosure list caused them prejudice. Instead, their brief assumes a technical violation of section 2034.260 warrants reversal. Thus, the Yeagers do not address the fact that the record establishes they received *actual* notice Lesser intended to testify as an expert witness. In a reply e-mail, Victoria indicated she received the e-mail in which Lesser disclosed the deposition would include questions in his capacity as an expert witness. Victoria even insisted Lesser should be subject to sanctions if he did not agree to her demand for a particular deposition date. Any defect in serving the witness disclosure list was harmless in light of the fact that the Yeagers received actual notice

11

Lesser intended to testify has an expert witness. (See *Grimshaw v. Ford Motor Co.* (1981) 119 Cal.App.3d 757, 781-782, [trial court has discretion to admit expert witness testimony in the absence of prior disclosure of the expert's identity where opposing party had ample opportunity prior to trial to learn the name of the expert and to depose him], disapproved of on another ground in *Kim v. Toyota Motor Corp.* (2018) 6 Cal.5th 21, 38, fn. 6.)

## V

### *Exclusion of Valuation Testimony*

Finally, the Yeagers argue that the trial court prevented them from contesting the reasonability of the value of the legal representation provided by Lesser. The Yeagers have forfeited the argument for failure to cite legal authority in support of their argument.

In arguing the trial court erroneously excluded their evidence, the Yeagers offer only two case citations as their legal authority. First, the Yeagers note the standard of review is abuse of discretion by relying on *People v. Cowan* (2010) 50 Cal.4th 401. As we explained above, the standard of review does not establish whether there was error or even set forth the rules governing the admissibility of evidence that the Yeagers contend was wrongly excluded. Second, the Yeagers contend Lesser's burden was to prove the reasonableness of his fees by relying on *Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603. Legal authority regarding *Lesser's* burden of proof, however, does not provide support for the Yeagers' argument that the trial court ran afoul of the rules of evidence in excluding *their* evidence. Because the Yeagers offer no legal authority concerning the applicable rules of evidence or how the rules were violated, they have forfeited their argument on appeal. (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408; *Atchley v. City of Fresno*, *supra*, 151 Cal.App.3d at p. 647.)

## DISPOSITION

The judgment of dismissal and the judgment in favor of Lesser are affirmed. Don A. Lesser shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/s/
HOCH, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
KRAUSE, J.

13