Filed 4/15/21  Yeager v. Thomas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| VICTORIA YEAGER, | C085795 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2014-00169683-CU-PN-GDS) |
| v. | |
| MICHAEL THOMAS et al., | |
| Defendants and Respondents. | |

In this appeal, General Charles E. Yeager and Victoria Yeager challenge the dismissal of their action for legal malpractice against their former attorney, Michael Thomas, and Thomas & Associates, a limited liability law partnership.[1]  In the trial court,

---

[1]    Charles E. Yeager died while this appeal was pending.  We subsequently granted Victoria Yeager's motion for substitution of parties to reflect Charles's death.  As a result, we have changed the caption to reflect Victoria's substitution as sole appellant in this appeal.  We refer to the Yeagers individually by their first names due to shared

Victoria undertook to represent both herself and Charles even though she is not a licensed attorney. The Yeagers ignored repeated orders to secure a lawyer or guardian ad litem for Charles. Consequently, the trial court imposed monetary sanctions for abuse of the discovery process. After the Yeagers failed to comply with three discovery orders, the Thomas defendants brought a motion for terminating sanctions. The trial court granted the unopposed motion.

On appeal, the Yeagers contend (1) the trial court abused its discretion in imposing terminating sanctions because it did not address other potential lesser sanctions in its order, (2) the terminating sanctions order was disproportionate to the harm alleged by the Thomas defendants, (3) the order "appears to have been prompted only by an intent to punish the Yeagers for their perceived noncompliance" with prior court orders, (4) the Yeagers "did not simply fail to comply with Thomas' discovery responses," and (5) the case should be remanded to allow the trial court to rule in the first instance on their motion to vacate the judgment.

We affirm. The trial court is not required to expressly address possible alternatives to dismissal in a terminating sanctions order. There was no abuse of discretion in the trial court's order. The record does not indicate the trial court acted with any intent to punish the Yeagers. However, the record amply supports the trial court's findings that the Yeagers willfully disregarded court orders. We reject the Yeagers' argument regarding remand for lack of any assertion of reversible error or prejudice.

FACTUAL AND PROCEDURAL HISTORY
*The Yeagers' Action*

In October 2014, the Yeagers filed an action for legal malpractice against their former attorneys, including the Thomas defendants as well as John Gibson and his

---

surname and for the sake of clarity. We refer to Michael Thomas and his law firm collectively as the Thomas defendants.

2

limited liability law partnership.[2]  Shortly after the filing of the original complaint, the Yeagers filed a first amended complaint that added two more attorneys – Ed Gordon and Christopher Rolin – as defendants.  The Thomas defendants demurred to the first amended complaint.  In response, the Yeagers filed a second amended complaint in September 2015.  In March 2016, the Yeagers were determined to be vexatious litigants.[3]

### Discovery Sanctions Against the Yeagers

On February 18, 2016, the trial court granted the Thomas defendants' first discovery motion by compelling further responses to the 14 discovery demands raised in the motion.  The trial court also imposed $2,060 in monetary sanctions.  In granting the motion, the trial court provided five pages of detailed instructions for the Yeagers' compliance.

On March 3, 2017, the trial court stayed the action to allow the Yeagers to find an attorney or guardian ad litem for Charles.  On April 17, 2017, the trial court lifted the stay and imposed sanctions on the Yeagers for continued failure to comply with discovery demands.[4]  The trial court found the Yeagers had provided responses that were

---

[2]  We refer to John Gibson and his limited liability law partnership collectively as the Gibson defendants.

[3]  In *Yeager v. Rolin* (Aug. 29, 2019, C083234 & C083830) (nonpub. opn.), this court reversed the determination of the trial court that the Yeagers qualified as vexatious litigants under Code of Civil Procedure section 391.  *Yeager v. Rolin* was an appeal that arose out of the same action that is being appealed here, but in which the Yeagers challenged the dismissal of their former attorney, Christopher Rolin.  Although this appeal arises out of the same action, it challenges only the dismissal entered in favor of the Thomas defendants.

Undesignated statutory citations are to the Code of Civil Procedure.

[4]  Although the Yeagers refer to discovery "requests," we use the term "demands" to be consistent with the applicable discovery statute.  (§ 2031.010 [using the term "demand"]; see also *Pelton-Shepherd Industries, Inc. v. Delta Packaging Products, Inc.* (2008) 165 Cal.App.4th 1568, 1573, fn. 6.)

3

consistently evasive. Noting the Yeagers' complaint made "broad allegations of wrongdoing," the court admonished the Yeagers they were required to comply with discovery demands. The trial court imposed $1,260 in monetary sanctions on Victoria.

On April 27, 2017, the trial court considered a motion for terminating sanctions brought by the Thomas defendants. In ruling on the motion, the trial court found the Yeagers' "willful failure to comply with the Court order of Feb[ruary] 18, 201[6] warrants sanctions." Rather than imposing terminating sanctions at that time, the trial court ordered the Yeagers to provide verified, supplemental responses to discovery as previously ordered. Also, the court again imposed monetary sanctions. And the trial court warned the Yeagers that "[s]hould the full and complete responses not be received by that date, the Court will consider a further motion for issue, evidentiary and/or *terminating sanctions* for plaintiffs' willful violation of a Court order." (Italics added.)

In April 2017, the Gibson defendants moved for a sanctions order against Victoria for failure to comply with orders issued in September 2016, October 2016, February 2017, and March 2017 relating to the issue of Charles's competency. These orders all required the Yeagers to obtain an attorney or guardian ad litem. During the pendency of this action, Victoria acknowledged Charles is unable to meaningfully participate in the litigation process. Nonetheless, Victoria engaged in the unauthorized practice of law by representing not only herself but also Charles.

The trial court found, "Despite [the determination that the Yeagers were vexatious litigants], and despite their decision to proceed as civil plaintiffs without an appearance on their behalf by an attorney of record, this Court has been extremely mindful of [the Yeagers'] non-represented status and has offered ample time for compliance with its various orders." The trial court recounted Charles chose to attend an Oak Ridge Boys concert in Missouri rather than comply with the court-ordered mental health examination. Thereafter, the Yeagers failed to secure an attorney or guardian ad litem for Charles even though the court stayed the action in order to allow the Yeagers to comply with its orders.

4

In June 2017, the trial court ordered monetary sanctions against Victoria and evidentiary sanctions against Charles.

After the Yeagers continued their noncompliance with the trial court's orders, the Gibson defendants moved for terminating sanctions. The Thomas defendants joined in the motion. During a hearing on the Gibson defendants' motion for terminating sanctions, the trial court addressed Victoria as follows:

"THE COURT: [¶] . . . [¶] [W]e've gone ahead and bent over backwards, not because of your status or who you are or anything else, but because courts are very reluctant to terminate plaintiff's cases except on the merits. And I don't like procedural terminations by way of sanction. So I don't want to terminate anybody, but at the same time I don't want anybody to think they can get away with flouting the Court's orders. [¶] . . . I don't like what you've done. You treat [Charles] as basically your puppet. And it appears to me that you're acting on his behalf more than not, even though you profess that you are not. That's why he needs to have his own guardian and his own counsel."

In June 2017, the trial court granted the motion in part, imposing evidentiary sanctions on the Yeagers. Because the Yeagers had not availed themselves of the "many opportunities" to secure counsel or a guardian ad litem for Charles, the trial court barred Charles from presenting any further written or oral testimony to support his claims in this action. The trial court determined any additional time would be futile by finding neither a guardian ad litem or attorney "is likely forthcoming." The trial court rejected the Yeagers' assertion they had "fully complied" with the court's orders. Instead, the court found the Yeagers "fail[] to present compelling evidence of wholehearted, good faith 'endeavoring' and 'cooperating' by [the Yeagers]."

The trial court summed up: Charles's "failures to comply with the Court's orders have prevented discovery as to whether his testimony can be given any evidentiary value in this case. He has failed to appear for his court-ordered mental examination and has failed to file a motion for appointment of a [guardian ad litem] and attorney to represent

5

him in this case given concerns about his mental competency, despite this Court's orders directing him to do so. He has thereby prevented discovery as to whether his own discovery responses, and/or other factual representations he might wish to make as this case progresses, are being made by someone who truly understands what they are representing and appreciates the seriousness of making such representations under penalty of perjury." (Italics omitted.)

As part of the same sanctions order, the trial court imposed a monetary sanction that required Victoria to pay $2,562.50 to the Gibson defendants. The trial court rejected Victoria's contention that " 'lawyer tricks' by defense counsel [citation] occurred, or that [Victoria]'s failures to comply with the Court's Orders were caused by misleading behavior by defense counsel." The trial court concluded that "[i]n failing to comply with these orders, [Victoria] opened herself up to sanctions." Even so, the trial court declined to impose terminating sanctions because there was no showing that lesser sanctions would be ineffective as to Victoria. However, the trial court cautioned:

"The Court shares moving Defendants' concern that [Victoria] is ignoring this Court's rules, orders, and California law expressly prohibiting her from litigating this case as a non-attorney, at least in part, on behalf of her husband. And although this Court has previously reminded her of the prohibition, she continues to make filings and litigate this case, at least in part, on behalf of her husband. [Victoria's] continued practice of filing legal papers, making legal arguments, completing discovery responses, and the like, on behalf of her husband, *must stop*." (Italics added.)

### *Terminating Sanctions Imposed by the Trial Court*

On June 23, 2017, the Thomas defendants moved for terminating sanctions against the Yeagers. The motion was based on the Yeagers' violation of the trial court's discovery orders entered on February 18, 2016, April 17, 2017, and April 27, 2017. The Yeagers did not oppose the motion. The trial court granted the motion for terminating

6

sanctions on August 4, 2017.  A judgment of dismissal followed shortly thereafter.  The Yeagers timely filed a notice of appeal.

## DISCUSSION

### I

### *Terminating Sanctions*

The Yeagers advance four arguments in their claim that the trial court abused its discretion in imposing terminating sanctions.  First, they argue the order itself is defective because the order does not expressly address the possibility of other lesser remedies than terminating sanctions.  Second, the Yeagers assert the terminating sanctions are disproportionate to the harm alleged by the Thomas defendants.  Third, the order represents "only" an "intent to punish" them.  And, fourth, the Yeagers did not "fail to comply" with the discovery orders that preceded the terminating sanctions.  As we explain, none of these contentions has merit.

### A.

### *Trial Court Order*

The Yeagers fault the trial court because "nowhere *in that Order* does the lower court demonstrate that it even considered whether evidentiary sanctions or issue sanctions would be more appropriate . . . ."  (Italics added.)  In support of the argument, the Yeagers offer no authority for the proposition that a terminating sanctions order must expressly address and reject lesser sanctions.

On appeal, we begin with the presumption the order being challenged on appeal is correct.  As the California Supreme Court has noted, "it is settled that:  'A judgment or order of the lower court is presumed correct.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'  (3 Witkin, Cal.Procedure (1954) Appeal, § 79, pp. 2238-2239; *Minardi v. Collopy* [(1957)] 49 Cal.2d 348, 353;

7

*Coleman v. Farwell* [(1929)] 206 Cal. 740, 742.)" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) As a corollary to this rule, we also heed the presumption of Evidence Code section 664, " 'that official duty has been regularly performed.' Thus, where a statement of reasons is not required *and the record is silent*, a reviewing court will presume the trial court had a proper basis for a particular finding or order. (See, e.g., *People v. Henson* (1991) 231 Cal.App.3d 172, 182 [presuming on a silent record that the trial court properly exercised its discretion in imposing AIDS education as a condition of probation].)" (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114-1115, italics added.)

We reject the Yeagers' assumption that an order granting terminating sanctions must itself state lesser sanctions were considered and rejected. Section 2023.030 specifically authorizes trial courts to impose terminating sanctions for "a misuse of the discovery process." Subdivision (d)(3) of section 2023.030 provides that "[t]he court may impose a terminating sanction" by "order dismissing the action, or any part of the action, of that party." Section 2023.030 does not require any particular form for a terminating sanction nor does it require that the order dismissing the action contain any express factual findings.

Section 2023.010 enumerates "[m]isuses of the discovery process" to include such abusive conduct as "[f]ailing to respond or to submit to an authorized method of discovery," "[m]aking, without substantial justification, an unmeritorious objection to discovery," [m]aking an evasive response to discovery," and "[d]isobeying a court order to provide discovery." (*Id.* at subds. (d), (e), (f), (g).) However, section 2023.010 also does not require any particular express findings in a terminating sanctions order.

Where a statute does not require express findings for a particular order, we do not imply such a requirement. (*Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1273.) In the absence of any authority for the proposition that a terminating sanctions order must make express findings about lesser sanctions, we reject the Yeagers' contention regarding the deficiency of the order in this case. Moreover, nothing in the

8

terminating sanctions order refutes the presumption that the trial court properly considered lesser penalties. We reject the Yeagers' claim that the terminating sanctions order is deficient.

**B.**

### *Proportionality of the Terminating Sanction*

The Yeagers claim terminating sanctions were "disproportionate to the harm alleged" by the Thomas defendants. Buried in this claim is the assertion that the trial court "dismissed their claims" in derogation of their due process rights. We reject these claims.

This court has previously explained that in determining whether to impose terminating sanctions, " '[t]he trial court should consider both the conduct being sanctioned and its effect on the party seeking discovery and, in choosing a sanction, should " 'attempt[] to tailor the sanction to the harm caused by the withheld discovery.' " [Citation.] The trial court cannot impose sanctions for misuse of the discovery process as a punishment.' (*Doppes v. Bentley Motors, Inc*. (2009) 174 Cal.App.4th 967, 992.) ' "Discovery sanctions 'should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery.' " [Citation.] If a lesser sanction fails to curb misuse, a greater sanction is warranted: continuing misuses of the discovery process warrant incrementally harsher sanctions until the sanction is reached that will curb the abuse. "A decision to order terminating sanctions should not be made lightly. But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction." ' (*Ibid*.)" (*Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1516 (*Van Sickle*).)

In reviewing a challenge to terminating sanctions, we do not second guess the wisdom of the trial court's order. Instead, we review a challenge to the selection of

9

terminating sanctions under the abuse of discretion standard of review. " 'Imposition of sanctions for misuse of discovery lies within the trial court's discretion, and is reviewed only for abuse.' (*Doppes v. Bentley Motors, Inc., supra*, 174 Cal.App.4th at p. 991.) 'Sanction orders are "subject to reversal only for arbitrary, capricious or whimsical action." ' (*Liberty Mutual Fire Ins. Co. v. LcL Administrators, Inc.* (2008) 163 Cal.App.4th 1093, 1102.)" (*Van Sickle, supra,* 196 Cal.App.4th at p. 1516.)

Contrary to the Yeagers' assumption that terminating sanctions must be preceded by sanctions escalating in severity, a trial court has discretion to impose terminating sanctions when a party has willfully disobeyed *one* or more discovery orders. (*Lang v. Hochman* (2000) 77 Cal.App.4th 1225, 1244-1256 [collecting authority].) " ' "[T]he question before this court is not whether the trial court should have imposed a lesser sanction; rather the question is whether the trial court abused its discretion by imposing the sanction it chose." ' " (*Id.* at p. 1245, quoting *Collisson & Kaplan v. Hartunian* (1994) 21 Cal.App.4th 1611, 1620.)

Here, the trial court did not abuse its discretion in imposing terminating sanctions. The terminating sanctions order was preceded by three court orders that addressed willful discovery abuses by the Yeagers. The Yeagers failed to adequately respond to written discovery demands even after being compelled to do so by court orders issued on February 18, 2016, April 17, 2017, and April 27, 2017. The trial court's April 27, 2017, sanctions order found the Yeagers' engaged in "willful failure to comply" with its earlier discovery order. In later addressing the Gibson defendants' motion for terminating sanctions, the trial court noted the motion essentially asked Victoria "to stop doing what she is already prohibited from doing," namely litigating on behalf of Charles. (Boldface & underscoring omitted.) Despite being chastised repeatedly for the unauthorized practice of law, Victoria appeared convinced she could continue to legally represent Charles. In other words, the trial court found the Yeagers' discovery abuses had been willful and Victoria appeared ready to continue violating court orders regarding the

10

unauthorized practice of law. In light of this history, the trial court did not abuse its discretion in granting terminating sanctions.

We also reject the Yeagers' claim they were deprived of due process as a result of the dismissal. "[T]he most basic concept of due process is the right to notice and a meaningful opportunity to be heard." (*In re J.F.* (2011) 196 Cal.App.4th 321, 335.) Here, the Thomas defendants served notice of the motion for terminating sanctions on the Yeagers. The Yeagers could have requested a hearing. Instead, they chose not to oppose the motion for terminating sanctions. Due process does not require more. (*Ibid.*) To the extent the Yeagers assert the very act of dismissal deprived them of a right to purse their case to trial, we reject the assertion. There is no right allowing a litigant to engage in repeated discovery abuses and the unauthorized practice of law. (§§ 2023.010, subds. (d), (e), (f), (g), 2023.030, subd. (d)(3).) The Yeagers have not established they were deprived of due process.

## C.

### *Intent to Punish*

The Yeagers argue the terminating sanctions order was "prompted *only* by an intent to punish" them for their misuse of the discovery process. (Italics added.) We reject the argument.

As explained above, we begin with the presumption that the challenged order of the trial court is correct. (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564.) Thus, "the appellant has the burden to affirmatively show, *based on the record*, the trial court's commission of reversible error." (*GHK Associates v. Mayer Group, Inc.* (1990) 224 Cal.App.3d 856, 872, italics added.) The Yeagers have the task of establishing the trial court issued terminating sanctions "only" due to its "intent to punish" them. The Yeagers have not succeeded in meeting this burden.

The order imposing terminating sanctions itself is a model of brevity. It recounts that the motion for terminating sanctions was unopposed by the Yeagers and that it

11

followed three separate orders in which the Yeagers were found to have engaged in discovery abuses. Based on both the repeated discovery abuses and the repeated failures by the Yeagers to comply with court orders, the trial court imposed terminating sanctions.

We discern no intent to punish the Yeagers. Instead the record establishes the Yeagers' repeated and willful noncompliance with trial court orders. The order granting terminating sanctions represents a final response to the Yeagers' intransigence in the face of repeated court orders addressed to their discovery abuses. Moreover, the terminating sanctions order displays no intent to punish by the trial court in granting an *unopposed* motion. We reject the Yeagers' claim the trial court was motivated solely by an intent to punish them. Indeed, the record does not establish the trial court was motivated even in part with an intent to punish them.

### D.

### *Compliance with Discovery Orders*

The Yeagers next argue they "did not simply fail to comply with" the Thomas defendants' discovery responses. This argument is devoid of merit.

On February 18, 2016, the trial court entered an order granting the Thomas defendants' motion to compel further responses. In its ruling, the trial court granted all 14 demands to compel by the Thomas defendants and explained in detail how the Yeagers were required to comply with the specific discovery demands. The Yeagers served supplemental responses. On April 17, 2017, the trial court entered an order chastising the Yeagers for inadequate responses to the Thomas defendants' discovery demands. In particular, the trial court noted that "[i]n *each* interrogatory now before the Court, [Victoria] responded very generally, e.g., 'All of the documents are already in propounding party's possession;' 'Thomas defendants already have these documents'; 'Every document in the [case] docket', etc." (Italics added.) The trial court explained the Thomas defendants were entitled to discover the basis for the "broad allegations of wrongdoing" in the Yeagers' complaint. Thus, the trial court ordered that Victoria

12

"provide full and complete, verified Supplemental Responses," to the Thomas defendants' interrogatories.

Victoria served supplemental responses, but these too proved inadequate. The Thomas defendants again moved for sanctions. In granting sanctions against the Yeagers, the trial court lamented that "[t]he antecedent procedural history is complex and, unfortunately, confused." In the order, the trial court found the Yeagers' "failure *and refusal* to provide full and complete responses to the form interrogatories, special interrogatories and requests for admission *in willful disobedience* of the Court Order goes to the heart of the facts of the case." (Italics added.) In imposing monetary sanctions, the court reiterated the willful nature of the Yeagers' refusal to comply with the discovery orders.

Against this backdrop of express findings by the trial court that the Yeagers willfully refused to comply with discovery orders, the Yeagers now assert they complied with the trial court orders "to the best of their abilities." Tellingly, the Yeagers' opening brief does not recite any specific efforts made to respond to the trial court's discovery orders. We reject the Yeagers' assertion of efforts to comply with the discovery orders. On appeal, we defer to the factual findings of the trial court. (*Minick v. City of Petaluma* (2016) 3 Cal.App.5th 15, 24.) Here, the trial court expressly rejected the Yeagers assertion they had fully complied with the court's discovery orders. The record supports this finding by the trial court.

## II

### *Remand for Ruling on Motion to Vacate the Judgment*

Finally, the Yeagers assert this court "should permit reversal and remand with directions to the trial court to consider the Yeagers' motion to vacate." We reject the assertion.

We may not reverse a judgment unless the appellant demonstrates prejudicial error in the trial court. (Cal. Const., art. VI, § 13; *People v. Watson* (1956) 46 Cal.2d 818, 836;

13

*People v. Campos* (1995) 32 Cal.App.4th 304, 309.) Here, the Yeagers seek remand to allow the trial court to consider their postjudgment motion for relief. The request for remand is not based on an assertion of prejudicial error but based on the policy implicit in section 473 that actions should be decided on their merits. However salutary the policy of section 473 may be, we may not set aside a judgment in the absence of a showing of reversible error. (Cal. Const., art. VI, § 13.) As we have explained, we conclude the Yeagers have not established the trial court committed reversible error in imposing terminating sanctions. Likewise, we conclude this argument also does not establish – or even assert – that the trial court committed reversible error.

DISPOSITION

The judgment is affirmed. Michael Thomas and Thomas & Associates shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


                                     /s/\
                                     HOCH, J.


We concur:


/s/\
MAURO, Acting P. J.


/s/\
KRAUSE, J.